IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cv-01606-RPM-BNB

CARMEN MIGLIACCIO,
MARY P. MUNOZ, and
ROBERT D. KAISER,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MIDLAND NATIONAL LIFE INSURANCE, INC.,

Defendant.

_____

**ORDER**
_____

This matter is before me on the parties' **Unopposed Motion for Entry of Protective Order** (the "Motion"), filed August 6, 2002. The Motion is DENIED and the Confidentiality Stipulation and [Proposed] Protective Order is REFUSED. The parties are granted leave to submit a revised proposed protective order consistent with the comments contained here.

In Gillard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000), I set out certain requirements for the issuance of a blanket protective order such as the one sought here. Among other things, I require that any information designated by a party as confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). Gillard, 196 F.R.D. at 386. In addition, I require that the protective order contain a mechanism by which a party may challenge the designation of information as privileged. The

addendum to the Gillard decision is a form of protective order which contains a provision that satisfies this requirement:

> A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Id. at 388-89.

The proposed protective order does not comply with the requirements established in Gillard. In particular, the proposed protective order improperly places on the party objecting to the Confidential designation the obligation of filing a motion challenging the designation. To the contrary, the burden always falls on the party resisting discovery to file a motion for protection. In addition, the proposed protective order fails to address the situation where an objection is made but no motion for protective order is filed.

IT IS ORDERED that the Motion is DENIED without prejudice.

Dated August 2, 2007.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge