# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 07-CV-01606-RPM-BNB

CARMEN MIGLIACCIO, MARY P. MUNOZ and ROBERT D. KAISER, on Behalf of Themselves All Others Similarly,

        Plaintiffs,

vs

MIDLAND NATIONAL LIFE INSURANCE, INC. a Delaware corporation,

        Defendant.

## ORDER FOR ENTRY OF PROTECTIVE ORDER

THIS COURT, having reviewed non-party Brokers Choice of America's ("BCA") Unopposed Motion For Entry of Protective Order, and for good cause shown, hereby ORDERS as follows:

1. This Order shall apply to all confidential documents, materials, and information produced by BCA in response to any subpoenas issued from this Court and served on BCA in connection with the action filed in the United States District Court, Central District of California, Western Division, entitled <u>Carmen Migliaccio, Mary P. Munoz and Robert D. Kaiser, on behalf of themselves and all others similarly situated v. Midland National Life Insurance, Inc.</u>, Case No. CV 06-CV-1006 (CAS MANx)(the "California Action"), including without limitation, documents produced, deposition testimony, and other information disclosed by BCA, pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that BCA believes contains trade secrets or other proprietary, confidential research, development, technical, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7)(hereinafter

1

"CONFIDENTIAL INFORMATION").

2. Any information designated by a party as CONFIDENTIAL INFORMATION must first be reviewed by that party's attorney, and that designation must be based on a good faith belief that the information so designated constitutes CONFIDENTIAL INFORMATION or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

3. As used in this Order, "documents" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it, or order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on the California Action;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in the California Action;

    c. the parties,

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in the California Action;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. To a non-party deposition or trial witness who the parties or their counsel reasonably believe has relevant knowledge or information and to that non-party witness' counsel; and

    h. other persons by written agreement of the parties.

2

5. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall require such person to (a) execute an acknowledgement, in the form attached hereto as Exhibit "1," reciting that such person has read this Protective Order and promised to comply with its terms; and (b) to destroy or return to the attorney of record for BCA all copies, excerpts or summaries of the Confidential Information or any notes containing information derived therefrom, upon completion of review of such material by such person(s), or upon termination of this litigation, whichever occurs earlier. Proof of all signed acknowledgments shall be preserved by the counsel for the receiving party. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by BCA.

6. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except for preparation and trial of the aforementioned California Action.

7. Documents are designated as CONFIDENTIAL INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall be designated as CONFIDENTIAL INFORMATION and shall be subject to the provisions of this Protective Order. When designation has been made during the course of a deposition, the court reporter shall thereafter bind the transcript into separate portions containing the non-CONFIDENTIAL and CONFIDENTIAL INFORMATION and the reporter shall place the following legend on the cover of the portions of the transcript containing the CONFIDENTIAL INFORMATION:

    i. "THE CONTENTS OF THIS TRANSCRIPT, OR PORTIONS THEREOF, ARE CONFIDENTIAL AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

COLORADO. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF, ANY PART OF THIS TRANSCRIPT CONTAINING CONFIDENTIAL INFORMATION IS A VIOLATION OF COURT ORDER."

9. BCA or any other party to the California Action may designate portions of depositions as CONFIDENTIAL INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party so designating the information as CONFIDENTIAL INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL INFORMATION.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL INFORMATION shall be returned to BCA, or the parties may elect to destroy the documents.

4

Where the parties agree to destroy said documents, the destroying party shall provide BCA and all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. This Court shall have jurisdiction over any disputes regarding this Protective Order and over any alleged violation of the Protective Order by parties or non-parties as it relates to BCA's production of CONFIDENTIAL INFORMATION.

14. The parties to the aforementioned litigation pending in California have agreed that BCA will have the right to enforce this Protective Order in the District of Colorado and have consented to jurisdiction of this Court in the event that BCA alleges a violation of this Protective Order.

DATED: Sept. 18, 2007

_Boyd N. Boland_
Hon. Boyd N. Boland
United States Magistrate Judge

## EXHIBIT "1"

## CONFIDENTIALITY AGREEMENT

1.     I have been requested by _____ or by counsel for

_____ to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" within the terms of the Protective Order entered by the United States District Court, District of Colorado, 07-CV-01606-RPM-BNB, entitled <u>Carmen Migliaccio, Mary P. Munoz and Robert D. Kaiser, on behalf of themselves and all others similarly situated v. Midland National Life Insurance, Inc.</u>

2.     I have read the aforementioned Protective Order, and I agree to be bound by it. I further submit to the jurisdiction of the United States District Court, District of Colorado, for the purpose of this Protective Order.

3.     I declare the foregoing is true under penalty of perjury.


Dated:                                         _____
                                                              (SIGNATURE)

                                                    _____
                                                        (PRINT NAME & TITLE)